NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SUSAN CROWDEN, | No. 12-35443 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-01083-HZ |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted January 16, 2018**

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Susan Crowden appeals pro se from the district court's judgment dismissing

her diversity action arising out of foreclosure proceedings. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of

Civil Procedure 12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2008).  We vacate and remand.

The district court dismissed Crowden's action after finding, among other things, that Mortgage Electronic Registration Systems, Inc. ("MERS") was a valid trust beneficiary under Oregon law.  However, after the district court entered judgment, the Oregon Supreme Court decided, in reviewing a deed of trust similar to Crowden's, that MERS cannot be a beneficiary of a deed of trust under the Oregon Trust Deed Act, nor is MERS eligible to serve as the beneficiary simply by being designated as such in the deed of trust.  *See Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 304, 309-12 (Or. 2013) (en banc).  Because the district court did not have the benefit of *Brandrup* when it entered its order of dismissal, we vacate and remand for further proceedings in light of *Brandrup*.

We reject as without merit Crowden's contention that the district court erred in taking judicial notice of documents related to the foreclosure.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**